```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA

          -against-                      MEMORANDUM & ORDER
                                         19-CR-0116(JS)
JIMMY JESUS BARRIGA-BELTRAN,

                    Defendant.
----------------------------------X
APPEARANCES
For United States:    Bradley T. King, Esq.
                      United States Attorney's Office
                      Eastern District of New York
                      610 Federal Plaza
                      Central Islip, New York 11722

For Defendant:        Jimmy Jesus Barriga-Beltran, pro se
                      Reg. No. 91214053
                      Moshannon Valley C.I.
                      555 Geo Drive
                      Philipsburg, Pennsylvania 16866
```

SEYBERT, District Judge:

Defendant Jimmy Jesus Barriga-Beltran ("Defendant") seeks a reduction of his sentence, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in light of certain health issues, the conditions of confinement, and concerns surrounding the COVID-19 pandemic.  (Mot., ECF No. 23; Reply, ECF No. 27.)  The Government opposes the motion.  (Gov't Opp., ECF No. 24 (sealed); Gov't Br., ECF No. 24-1 (sealed).)  For the reasons set forth below, the motion is GRANTED.

BACKGROUND

I.  Factual and Procedural History

On November 1, 2018, Defendant was charged in a criminal complaint with possession with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)II).  (Criminal Compl., ECF No. 1.)  Defendant was arrested the same day.  (See Nov. 1, 2018 Min. Entry.)  On March 7, 2019, Defendant waived indictment and pled guilty to a one-count Information charging him with possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II), 18 U.S.C. § 3551 et seq. (Min. Entry, ECF No. 15; Waiver of Indictment, ECF No. 14; Information, ECF No. 13.)  As relevant here, Defendant is a permanent United States resident but a citizen of Ecuador.  During his guilty plea, therefore, the Government represented its belief that removal from the United States is "presumptively mandatory." (Plea Tr., Gov't Opp., Ex. 1, ECF No. 24-2 (under seal), at 8:11-17.)  As such, the Court confirmed that Defendant understood that after the completion of his term of incarceration, he "will then be deported to Ecuador."  (Id. at 8:18-23.)

Defendant's offense carried a five-year statutory minimum and the sentencing guidelines provided a range of thirty (30) to thirty-seven (37) months' imprisonment.  (Presentence

Investigation Report ("PSR"), ECF No. 16, ¶¶ 60-61 (under seal).) The PSR noted, among other things, that Defendant participated in substance abuse treatment program(s) and that he suffers from "several" medical conditions, including hypertension, type II diabetes, coronary artery disease, and asthma. (Id. ¶¶ 46, 39; see also id. ¶ 40 (noting Defendant underwent cardiac surgery); id. ¶ 43 (describing that Defendant was struck by a car and seriously injured in April 2018); id. ¶¶ 41-42.) On September 13, 2019, this Court sentenced Defendant to a term of 27 months' incarceration and 2 years' supervised release. (Min. Entry, ECF No. 20; Sent'g J., ECF No. 21; Sent'g Tr., Gov't Opp., Ex. 2, ECF No. 24-3 (under seal).)

II. Defendant's Motion and Period of Incarceration

On or around January 22, 2021, Defendant, proceeding pro se, moved this Court for compassionate release requesting immediate release or to serve the remainder of his sentence on the condition of home confinement. (See Mot.) Defendant is incarcerated at U.S. Penitentiary Lewisburg ("Lewisburg USP") and is expected to be released on June 19, 2021.[1] See BOP.gov,

---

[1] Bureau of Prisons records indicate that Defendant is currently incarcerated at Lewisburg USP. However, the docket, and Defendant's correspondence, reflect that he was incarcerated at Moshannon Valley Correctional Institution, "[a] contracted correctional institution, operated by a private corporation." See BOP.gov, https://www.bop.gov/locations/ci/mvc/ (last visited Apr. 6, 2021).

3

www.bop.gov/inmateloc/index.jsp (last visited Apr. 6, 2021). According to the information maintained by the Bureau of Prisons ("BOP") for Lewisburg USP, as of April 5, 2021, 1 inmate and 19 staff members are listed as "positive" for COVID-19, and 245 inmates and 61 staff members are listed as "recovered" from the virus.[2] COVID-19 Cases, BOP.gov, http://www.bop.gov/coronavirus/ (last visited Apr. 6, 2021). While incarcerated, Defendant has received a GED, completed treatment at EAC New Path outpatient clinic, and has become "passionate on the education of the pitfalls of drug abuse and drug usage." (Mot. at ECF p. 2.) If released and not deported, he will reside in Long Island, New York with his family who is ready to support him "financially, emotionally, and medical[l]y." (Id.)

## DISCUSSION

I. Legal Standard

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)). The First Step Act, which modified 18 U.S.C. §

---

[2] Although it did at one point, the BOP's website does not currently provide COVID-19 statistics for Moshannon Valley Correctional Institution. See, e.g., United States v. Marine-Adames, No. 19-CR-0010, 2021 WL 466034, at *3 (E.D.N.Y. Feb. 8, 2021) (Seybert, J.) (noting COVID-19 statistics were available for Moshannon Valley Correctional Institution on February 3, 2021).

4

3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Under the statute, courts have discretion to grant compassionate release when (1) there are "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020); see id. at 236 (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider

5

whether any reasons are extraordinary and compelling"). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-38 (emphasis and alteration in original) (quoting 28 U.S.C. § 994(t)).

Even where extraordinary and compelling reasons exist, the Court must "consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-0057, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (citation omitted). A defendant "bears the burden of showing that his release is justified." United States v. Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020).

II. Analysis

The parties do not dispute that Defendant exhausted his administrative remedies. The Court thus turns to the merits.

A. Extraordinary and Compelling Reasons

Defendant, who is 61 years old, argues that his medical history and the conditions of confinement constitute "extraordinary and compelling" reasons that justify an early

6

release. (See generally Mot.; Reply.) The Government opposes the motion, arguing that Defendant failed to show that "he has not received comprehensive medical care for his conditions while" incarcerated. (Gov't Opp. at 13-14 (citing Defendant's Medical Records, Exhibits 3(a) through 3(f) to Opposition, ECF Nos. 24-4 through 24-9 (under seal)).)

Upon a review of the submissions, the Court finds that the facts unique to this case establish "extraordinary and compelling reasons" to modify Defendant's sentence. 18 U.S.C. § 3582(c)(1)(A)(i). As the Court recognized at sentencing, Defendant suffers from a host of medical issues and is "definitely in bad shape." (Sent'g Tr. at 7:3-5.) Under the standards provided by the Centers for Disease Control and Prevention, Defendant's age and diagnoses place him at risk of severe complications should he contract COVID-19. See Older Adults, COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Apr. 2, 2021) (noting people between 50 and 64 years of age are 25 times more likely to require hospitalization and 440 times more likely to die from complications due to COVID-19); People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021) (noting people with asthma, diabetes, and various heart conditions make an individual "more likely to get severely

7

ill from COVID-19"). "Since the outbreak of the COVID-19 pandemic, numerous courts within this Circuit have held that a defendant's pre-existing health conditions in combination with the increased risks of COVID-19 in prisons constitute 'extraordinary and compelling reasons' warranting relief." United States v. De La Cruz, No. 17-CR-0150, 2020 WL 6193891, at *3 (D. Conn. Oct. 22, 2020); United States v. Rice, No. 83-CR-0150, 2020 WL 4505813, at *3 (S.D.N.Y. Aug. 5, 2020). As such, "[D]efendant's age and medical condition, taken in concert [ ] with the COVID-19 public health crisis, constitute an extraordinary and compelling reason to reduce [his] sentence." United States v. McCarthy, 453 F. Supp. 3d 520, 527 (D. Conn. 2020) (collecting cases); cf. Marine-Adames, 2021 WL 466034, at *3 (finding, among other things, that the defendant's positive COVID-19 diagnosis undermined the case for compassionate release).

B. The 3553(a) Factors

The Court also considers the Section 3553(a) factors and finds they weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A)(i). Defendant served approximately ten months on home detention, approximately eighteen months in custody, and he is due for release in a little over two months. (See Bond Order, ECF No. 10 (under seal); Sent'g J. at 15 (indicating an October 2019 surrender date)); BOP.gov, www.bop.gov/inmateloc/index.jsp (noting June 19, 2021 release date) (last visited Apr. 6, 2021).

8

Thus, "[t]he prison time the Defendant has already served is sufficient to serve the sentencing goals of specific and general deterrence." United States v. Gonzalez, No. 11-CR-0718, 2021 WL 535809, at *3 (S.D.N.Y. Feb. 11, 2021). Moreover, there is little doubt that the "severity of [Defendant's] conduct remains unchanged"; however, the "environment where [he] is serving his sentence" has certainly changed.[3] United States v. Zukerman, 451 F. Supp. 3d 329, 336 (S.D.N.Y. 2020) ("When the Court sentenced [Defendant], the Court did not intend for that sentence to 'include incurring a great and unforeseen risk of severe illness or death' brought on by a global pandemic." (quoting United States v. Rodriguez, 451 F. Supp. 3d 392, 407 (E.D. Pa. Apr. 1, 2020))).

Finally, the Government argues that release is unwarranted because "[D]efendant is subject to deportation proceedings and has an active" U.S. Immigration and Customs

---

[3] The Government asks the Court to adopt the reasoning set forth in Marine-Adames, a recent case where the undersigned denied compassionate release to the defendant, who was fifty-three years old and suffered from obesity, type II diabetes, hypertension, and hyperlipidemia. (Gov't Opp. at 15 (citing Marine-Adames, 2021 WL 466034).) The Court declines the invitation because the facts unique to this case do not warrant the same outcome. Indeed, here, there are no similar recidivism concerns as compared to Marine-Adames's thirty-year criminal history, which included several drug-related offenses. Marine-Adames, 2021 WL 466034, at *4-*5 (finding, among other things, that the "Defendant's significant record of recidivism warranted a 37-month sentence, the top end of the applicable Guidelines range" and that the Court "intended then, and intends now, for Defendant to serve the totality of that sentence." (cleaned up) (citation omitted)).

9

Enforcement ("ICE") detainer. (Gov't Opp. at 15.) The PSR does not reflect an ICE detainer. (See PSR at 1 ("Detainers: None"); but see Mot. at ECF p. 50 (October 6, 2020 Letter from Moshannon Valley Correctional Facility administrator denying request for compassionate release, noting ICE "officials lodged a detainer on October 25, 2019, for deportation proceedings" and an immigration decision "remains pending").) Nonetheless, the parties understood at all stages of the proceedings that as a citizen of Ecuador, Defendant will likely be deported after he is released from BOP custody. "Given these circumstances, the Court concludes that [Defendant] does not present a danger to the community, and that the risk to [Defendant] presented by the COVID-19 virus far outweighs any value to society by incarcerating him for an additional" two months. Gonzalez, 2021 WL 535809, at *3; United States v. Francis, No. 06-CR-0080, 2021 WL 242461, at *2 (S.D.N.Y. Jan. 22, 2021) ("The Court is likewise satisfied that defendant will not pose a danger to any persons or to the community, as the government informs us that defendant is subject to an active ICE detainer and that ICE intends to effectuate the defendant's removal to his home country of Jamaica upon his release."); United States v. Hernandez Frometa, No. 18-CR-0660, 2020 WL 6132296, at *4 (S.D.N.Y. Oct. 19, 2020) ("Hernandez Frometa has served 25 months, over 60 percent of his sentence, which is sufficient to satisfy

10

the purposes of criminal sentencing, particularly in light of the ICE detention that will follow.").

CONCLUSION

For the reasons stated, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 23) is GRANTED. **IT IS HEREBY ORDERED** that:

(1) Defendant's sentence is modified to time served; and

(2) this Order is STAYED for fourteen (14) days to allow Defendant time to make any applications to ICE regarding the immigration detainer and to allow the BOP to make any necessary arrangements for Defendant's release to ICE custody;[4] and

(3) The Government is further directed to notify ICE that Defendant's sentence is completed; and

(4) In the event that Defendant is released to the community rather than held by the immigration authorities, upon release:

(a) Defendant shall be subject to the previously imposed term(s) of supervised release, including all standard, mandatory,

---

[4] See United States v. Beras, No. 99-CR-0075, 2020 WL 7496354, at *3 (S.D.N.Y. Dec. 20, 2020) (staying implementation of the order granting compassionate release for the defendant to contact ICE and the BOP to arrange for the defendant's release (citing United States v. Bayuo, No. 15-CR-0576, 2020 WL 4196835 (S.D.N.Y. June 20, 2020))); Louisaire v. Muller, 758 F. Supp. 2d 229, 235 (S.D.N.Y. 2010) ("Aliens who have been convicted of certain enumerated offenses, . . . including drug crimes, [8 U.S.C.] §§ 1226(c)(1)(B), 1227(a)(2)(B), are subject to mandatory detention under [the Immigration and Nationality Act] § 236(c).").

11

and special conditions of supervision delineated at sentencing by this Court; and

  (b) the Court imposes additional special conditions of supervised release: During the period equivalent to the undischarged portion of his sentence, (i) Defendant shall be subject to electronic monitoring by whatever technology is deemed appropriate by the Probation Department; and (ii) Defendant shall be on home detention, except as necessary for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the Probation Department; and

  (c) Defendant shall self-quarantine for fourteen (14) days; and

  (d) Within one week of his release, Defendant shall call the Probation Department to schedule an appointment; and

 (5) the Clerk of the Court is directed to mail a copy of this Order to the Defendant at his address of record AND to his attention at USP Lewisburg, U.S. Penitentiary, P.O. Box 1000, Lewisburg, Pennsylvania 17837. See supra note 1.

           **SO ORDERED.**

           /s/ JOANNA SEYBERT  
           Joanna Seybert, U.S.D.J.

Dated: April  7 , 2021  
   Central Islip, New York